UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| WESLEY S. ANGLIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:13-CV-075-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SUPREME COURT OF KENTUCKY, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |

***** ***** ***** *****

Wesley S. Anglin is an inmate in custody of the Kentucky Department of Corrections and is presently confined in the Eastern Kentucky Correctional Complex ("EKCC") located in West Liberty, Kentucky.  Proceeding *pro se*, Anglin has filed a "Petition For Declaration of Rights; and Mandamus Relief Under Fed. R. Civ. P. 81(c)," concerning an appellate brief he had filed in the Kentucky Supreme Court.  Anglin claims that the Clerk of the Kentucky Supreme Court returned this brief to him, explaining that his case was still pending in the Kentucky Court of Appeals.  [R. 1-1 at 1].  For administrative purposes, the Clerk of the Court classified this case as a petition for a writ of mandamus filed pursuant to 29 U.S.C. § 1361.  Anglin requests this Court to direct the Kentucky Supreme Court to hear his appeal.

Because Anglin is an inmate proceeding *in forma pauperis*, the Court is required to conduct a preliminary review of his complaint.  28 U.S.C. §§ 1915(e) (2) (B), 1915A.  Since Anglin is not represented by an attorney, the Court liberally construes his claims and accepts his factual allegations as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555-56 (2007).  Having determined that it is without jurisdiction to render the relief that Anglin seeks, the Court will deny Anglin's petition and dismiss this matter.

I

On May 27, 2011, Anglin was convicted in Breckinridge Circuit Court of First Degree Robbery and received a 13-year sentence of imprisonment.[1]  *See Commonwealth of Kentucky v. Wesley S. Anglin*, No. 09-CR-057 (Breckinridge Cir. Ct. 2009).  On August 15, 2012, post-sentencing, Anglin moved for a reduction of sentence by means of a sentencing credit adjustment; that motion was denied on September 13, 2012.  Anglin appealed the denial of his motion for a reduction of sentence to the Kentucky Court of Appeals.  *See Wesley S. Anglin v. Commonwealth of Kentucky*, No. 2012-CA-001799-MR.

The attachments to Anglin's petition reflect the following:

1.      While his appeal was pending, on June 6, 2013, Assistant Attorney General Courtney J. Hightower, an attorney employed by the Office of the Attorney General, who was counsel for the Commonwealth of Kentucky in Anglin's appeal, moved to withdraw from the case as counsel for the Commonwealth and to hold the appeal in abeyance for a brief period of time.  As grounds for that motion, counsel advised that Anglin's appeal concerned an issue regarding the amount of custody credit Anglin is due and that those matters are more appropriately handled by the Kentucky Department of Corrections rather than the Office of the Attorney General. [R. 1-1, Page ID## 18-20].

---

[1]This information was obtained from the Kentucky Online Offender Lookup ("KOOL") feature of the Kentucky Department of Corrections' official website.  *See* http://kool.corrections.ky.gov/KOOL/Details/260018 (last visited on April 29, 2015).

      2.      On or about June 11, 2013, Anglin, proceeding *pro se*, filed a motion in his appeal styled "Motion to Hold Appellee in Default/Notice of Default." [R. 1-1, Page ID## 16-17].  On July 31, 2013, the Kentucky Court of Appeals denied this motion. [R. 1-1, Page ID# 18].

      3.      On July 31, 2013, the Kentucky Court of Appeals granted the Commonwealth's motion to hold the appeal in abeyance, passed the motion to withdraw as counsel, and ordered that the appeal would be held in abeyance for a period of 20 days to allow the Office of the Attorney General to file a motion to substitute counsel, at which time the appeal would be returned to the Court's docket for further action. [R. 1-1, Page ID## 14-15].

      4.      On August 15, 2013, Anglin filed a Notice of Appeal in the Kentucky Court of Appeals, appealing from the denial of his motion for default/notice of default. [R. 1-1, Page ID# 16].

      5.      Apparently, on August 15, 2013, Anglin also filed an appellant brief in the Kentucky Supreme Court relative to his appeal of the Kentucky Court of Appeals' denial of his motion for default/notice of default.  However, the Clerk of the Kentucky Supreme Court returned Anglin's appellant brief to him because the case from which he had appealed, Case No. 2012-CA-001799-MR, was still pending in the Kentucky Court of Appeals. [R. 1-1, Page ID# 4].

II

      To reiterate, in this mandamus petition, Anglin requests an order directing the Kentucky Supreme Court to hear the appeal from the decision of the Kentucky Court of Appeals to deny his motion for default judgment/notice of default relative to the Commonwealth's motion to hold the appeal in abeyance until there could be a substitution of counsel in Case No. 2012-CA-001799-MR.  This Court, however, is without jurisdiction to issue the mandamus relief that he

3

seeks.  The Sixth Circuit has long held that "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970); *see also Seyka v. Corrigan*, 46 Fed. App'x 260, 261 (6th Cir. 2002) (affirming a district court's refusal to issue a writ of mandamus requiring the chief justice of the Michigan Supreme Court to hear his appeal).  Relief in the manner of mandamus is a "drastic" remedy, available only "where the petitioner can show a clear and indisputable right to the relief sought and only in circumstances amounting to a judicial usurpation of power."  *In re Gregory*, 181 F.3d 713, 715 (6th Cir. 1999).  Anglin has not shown that this extraordinary relief is necessary here.

Moreover, to the extent Anglin asks this Court to review the state court's decision declining to hear his interlocutory appeal, [*see* R. 1 at 3], this Court lacks authority to do so under the *Rooker-Feldman* doctrine.  *Seyka*, 46 Fed. App'x at 261 (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923)).

### III

Accordingly, it is **ORDERED** that:

(1)     Wesley S. Anglin's petition for a declaration of rights and for mandamus relief [R. 1] is **DENIED**.

(2)     This matter is **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the Court's docket.

4

This the 8th day of May, 2015.



Signed By:

*Gregory F. Van Tatenhove*

United States District Judge